# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| In Re: | |
|---|---|
| **DANIEL T. BAILEY and ROSE M. BAILEY,** | Bankruptcy Case No. 10-02884-JDP |
| **Debtors.** | |

## MEMORANDUM OF DECISION

**Appearances:**

D. Blair Clark, Boise, Idaho, Attorney for Debtor.

R. Wayne Sweney, LUKINS & ANNIS, P.S., Coeur d' Alene, Idaho, and Trevor Hart, PERRY LAW, P.C. Boise, Idaho, Attorneys for Mountain West Bank.

### Introduction

Mountain West Bank ("Creditor") recorded a judgment against

MEMORANDUM OF DECISION - 1

chapter 7[1] debtors Daniel and Rose Bailey ("Debtors") in the Canyon County recorder's office on July 21, 2010.  Dkt. No. 37.  In September 2010, when Debtors purchased real property in Canyon County ("the Essex Way Property"), Creditor's recorded judgment became a lien as to that property.  After filing for bankruptcy relief, Debtors moved to avoid Creditor's judgment lien against the Essex Way Property.  Dkt. No. 31.  Creditor objected to that motion.  Dkt. No. 34.  A hearing on Debtors' motion was held April 6, 2011.  Having considered the record, the parties' submissions, and applicable law, this Memorandum disposes of Debtors' motion.  Rules 7052, 9014.

## Facts[2]

Creditor obtained a judgment against Debtors in state court for $103,847, plus interest, on July 15, 2010, and recorded a certified copy of the judgment with Canyon County on July 21, 2010.  Dkt. No. 37.  Debtors

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] Only material facts are recited here.

MEMORANDUM OF DECISION - 2

purchased the Essex Way Property on September 1, 2010, recorded the warranty deed the next day, and recorded a homestead declaration[3] as to the property on September 3, 2010. *Id.,* Exs. B, C.

Debtors filed for bankruptcy on September 8, 2010, and claimed the Essex Way Property exempt pursuant to Idaho's homestead statutes. Dkt. Nos. 1, 16. No party objected to Debtors' claimed exemptions. *See* Dkt. No. 39. Debtors subsequently filed a motion to avoid Creditor's judgment lien pursuant to § 522(f) alleging that Creditor's "lien . . . impairs the [Essex Way Property] homestead exemption." Debtors' Motion at 3, Dkt. No. 31. Creditor objected to Debtors' motion. Dkt. No. 34.

## Discussion

Debtors moved to avoid Creditor's judicial lien pursuant to § 522(f). Before deciding whether the lien is avoidable, the Court must determine whether Creditor holds a valid judgment lien.

---

[3] While, in one place, Debtors' homestead declaration references "County of Ada," the Essex Way Property was located, and the homestead declaration was recorded, in Canyon County.

MEMORANDUM OF DECISION - 3

**I.     Creditor's judgment lien.**

In Idaho, recording a certified copy of a judgment creates a lien upon all of the judgment debtor's real property within the county where recorded, whether owned by the judgment debtor at the time or thereafter acquired. Idaho Code § 10-1110; *see also In re Thames*, 349 B.R. 659, 665 (Bankr. D. Idaho 2005). For after-acquired property, the lien attaches when the property's title passes. *See, e.g.*, *Nixon v. United States*, 289 F. 177, 179 (9th Cir. 1923) (examining conveyance of Idaho land, and explaining that, for after-acquired property, a mortgage lien attaches when title passes); *Towle v. Great Shoshone & Twin Falls Water Power Co.*, 232 F. 733, 738 (D. Idaho 1916) (finding a lien could attach under a deed of trust's "after acquired property" clause, and such lien would attach when title passed).

However, judgment liens created in this manner do not attach to property that is "exempt from execution." Idaho Code § 10-1110. Real property in Idaho may be exempt from execution under Idaho's homestead statutes, which establish the parameters of the "homestead

MEMORANDUM OF DECISION - 4

exemption." *See* Idaho Code §§ 55-1003. Idaho's homestead statutes deal fluidly with the distinct concepts of "homestead" and "homestead exemption," and, to understand the statutes' import on judgment liens, it is important to understand distinctions between the two.

The Idaho Code defines a "homestead" as:

> [T]he dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved; or unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon.

Idaho Code § 55-1001(2). A "homestead exemption," however, is a monetary amount, limited to either the net value of the homestead, or $100,000, whichever is less. Idaho Code § 55-1003. In other words, while a "homestead" is the real property upon which a party intends to reside, a "homestead exemption" is an interest in the value of that property.

Idaho's homestead statutes also provide exceptions from the homestead exemption. *See* Idaho Code § 55-1005. For instance, Idaho

MEMORANDUM OF DECISION - 5

Code § 55-1005(1) provides:

> The *homestead* is subject to execution or forced sale in satisfaction of judgments obtained:
>> (1) Before the *homestead* was in effect, and which constitute liens upon the premises;

(emphasis added). Under this statute, a homestead exemption does not protect a "homestead" from judgment liens established prior to the homestead's establishment.

Thus, it is important to understand when a homestead is established. Per Idaho Code § 55-1004(1), when a property "constitutes a homestead" and when it is "protected by the [homestead] exemption" varies, depending on the property's nature and use, but, for any particular property, those occurrences happen simultaneously. An owner-occupied residence constitutes a homestead and is protected by the homestead exemption "automatically." Idaho Code § 55-1004(1). However, where property is "not yet occupied as a homestead," *i.e.*, not owner-occupied as a principal residence, the owner must record a "declaration of homestead"

MEMORANDUM OF DECISION - 6

before that property is considered a homestead or protected by the homestead exemption. *Id. See also* Idaho Code § 55-1004(2) ("An owner who selects a homestead from unimproved or improved land that is not yet occupied as a homestead must execute a declaration of homestead and file the same for record in the office of the recorder of the county in which the land is located.").

In this case, Creditor recorded its judgment with the Canyon County recorder's office in July 2010. From that point on, a judgment lien in favor of Creditor would attach to all of Debtors' after-acquired property in Canyon County until the judgment is satisfied or lapses. Debtors purchased the Essex Way Property on September 1, 2010, and Creditor's lien affixed to the property at that time. However, it was not until September 3, 2010, when Debtors filed a homestead declaration with the Canyon County recorder's office, that the property became Debtors' homestead and was protected by the homestead exemption. Because Creditor's judgment constituted a lien upon the Essex Way Property

MEMORANDUM OF DECISION - 7

before September 3, 2010, the homestead exemption does not "exempt [the property] from execution." *See* Idaho Code §§ 10-1110; 55-1005(1). Therefore, Creditor has a valid judgment lien against the Essex Way Property.

## II.   Debtors' motion to avoid Creditor's lien.

Even so, an otherwise valid judgment lien may be avoided in bankruptcy. *See* § 522(f)(1)(A).[4] Before a debtor may avoid a lien under § 522(f)(1)(A), however, three conditions must be met:

> (1) there was a fixing of a lien on an interest of the debtor in property;
>
> (2) such lien impairs an exemption to which the debtor would have been entitled; and
>
> (3) such lien is a judicial lien.

---

[4] Section 522(f) of the Code states:
> (1) Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>     (A) a judicial lien . . . .

MEMORANDUM OF DECISION - 8

*In re Ashcraft*, 415 B.R. at 430 (quoting *Culver, LLC v. Chiu* (*In re Chiu*), 304 F.3d 905, 908 (9th Cir. 2002)). Debtors have the burden of proving they are entitled to § 522(f)(1)(A) lien avoidance. *Estate of Catli v. Catli* (*In re Catli*), 999 F.2d 1405, 1406 (9th Cir. 1993).

Creditor's lien is a clearly a judicial lien, since Idaho Code § 10-1110 requires a judgment as a condition of conferring lien rights on a creditor. *See* § 101(36) (a "lien obtained by judgment . . . ."); *In re Gardner*, 417 B.R. 616, 620 n.3 (Bankr. D. Idaho 2009); *In re Ashcraft*, 415 B.R. at 435–36. Debtors have not, however, attempted to prove that the first two § 522(f)(1)(A) lien avoidance prongs are met. Not only have Debtors not addressed whether they had an interest in the Essex Way Property at the time Creditor's lien was fixed on the property, but, while spending considerable time debating the requirements of a valid homestead declaration,[5] they have not addressed whether Creditor's lien would

---

[5] A valid homestead declaration must include "[a] legal description of the
(continued...)

MEMORANDUM OF DECISION - 9

impair such an exemption.

In 1991, the Supreme Court issued two decisions, each dealing with a separate prong of the § 522(f)(1)(A)[6] lien avoidability analysis, *Farrey v. Sanderfoot*, 500 U.S. 291 (1991) (addressing the "fixing" of a lien on a debtor's property interest) and *Owen v. Owen*, 500 U.S. 305 (1991) (addressing whether a lien impairs an exemption that would otherwise be available to the debtor). A review of both decisions is appropriate here.

1. *Farrey*.

---

[5](...continued)
premises." Idaho Code § 55-1004(3)(b). Debtors argue they included an adequate description in their homestead declaration; Creditor asserts it does not rise to the level of a "legal description." The legal description in the Essex Way Property's recorded deed is:

> Lot 3 in Block 4 of Carriage Hill Subdivision No. 3B, according to the official plat thereof, filed in Book 36 of Plats at Page(s) 19, official records of Canyon County, Idaho.

Dkt. No. 37, Ex. B. The description in Debtors' homestead declaration is:

> Lots 3/4 Carriage Hill 3B; also known as 12365 S. Essex Way, Canyon County, Nampa, Idaho 83686.

*Id.*, Ex. C.

[6] In 1991, the current § 522(f)(1)(A) was denominated § 522(f)(1).

MEMORANDUM OF DECISION - 10

In *Farrey*, the Supreme Court construed § 522(f)'s language allowing debtors to "avoid the fixing of a lien on an interest of the debtor in property" to require that debtors have an interest in the property prior to the attaching of the to-be-avoided lien. 500 U.S. at 298. The purpose of § 522(f)(1) is to provide debtors a certain level of protection for exemptable property, which it achieves by allowing debtors who have an interest in property prior to attachment of judicial liens to avoid such liens. *Id.* at 298-99. However, that protection does not extend to allow debtors with knowledge of an outstanding recorded judgment to purchase property and then avoid the lien that inevitably attaches. *See id.* at 298 ("[T]he critical inquiry remains whether the debtor ever possessed the interest to which the lien fixed, before it fixed."). Where a judicial lien fixes simultaneously with a debtor's acquisition of an interest in property, the owner is not considered to have an interest in the property before the lien is fixed, and the lien is not avoidable under § 522(f)(1)(A). *Id.* at 299–301. *See also Owen*, 500 U.S. at 314 (remanding to the Eleventh Circuit with

MEMORANDUM OF DECISION - 11

instructions to determine whether the applicable judgment lien attached simultaneously with the acquisition of the property interest under state law, and, if so, recognizing that, per *Farrey*, the lien may not be avoidable because it did not fix on an interest of the debtor). The timing of when a lien fixes to property, compared to the time of property acquisition, is a matter of state law. *Id.* at 298.

2.   *Owen*.

In *Owen*, under facts similar to those in this case, the Supreme Court addressed the § 522(f) lien avoidance requirement that a to-be-avoided lien must "impair[] an exemption to which the debtor would have been entitled under subsection (b)." 500 U.S. at 308–14. There, the Court stated, in applying § 522(f), the first step is to ask "whether avoiding the lien would entitle the debtor to an exemption, and if it would," to avoid the lien. *Id.* at 312–13. As a result, even where, as here, a state exemption statute provides exceptions for judicial liens, those liens may be avoided in

spite of the exception if a debtor "would be" entitled to the exemption absent the lien. *Id.* at 309–14.

At the same time, the *Owen* Court found the determination that a debtor would be entitled to an exemption absent a lien "does not necessarily resolve [§ 522(f) lien avoidance] case[s]." *Id.* at 314. A court must also look to whether the lien in question fixed to a property interest of the debtor. *Id.* (citing, generally, to *Farrey*). In fact, the *Owen* Court only arrived at its decision by "assum[ing] without deciding" that the lien in *Owen* fixed on a property interest of the debtor. *Id.* at 309. Based on the *Farrey* decision issued on the same day, had the *Owen* Court been provided sufficient information to determine the *Owen* lien arose simultaneously with the debtor's acquisition of property, it is likely it may have decided that, even though the lien in *Owen* impaired the applicable exemption, it did not fix to a property interest of the debtor, and § 522(f) allowed the lien

MEMORANDUM OF DECISION - 13

to be avoided.[7] *Id.* at 314 ("If [the lien attached simultaneously with the acquisition of the property interest], it could be argued that the lien did not fix 'on an interest of the debtor.'").

Post-*Farrey* and -*Owen* decisions in the Ninth Circuit, where a lien has fixed simultaneously with a debtor's acquisition of a property interest, have found such liens unavoidable by § 522(f). *See In re* Chiu, 304 F.3d at 909 (citing *Farrey* for the proposition that § 522(f)(1) "permits the avoidance of the 'fixing of a lien on an interest of a debtor' only if the 'fixing' took place after the debtor acquired its interest); *In re Pederson*, 230 B.R. at 163–64 (recognizing treatises have questioned *Farrey*'s result, but following the Supreme Court precedent of *Farrey* and *Owen*); *In re Ashcraft*,

---

[7] On remand, that is exactly what the Eleventh Circuit found. *Owen v. Owen*, 961 F.2d 170, 172 (11th Cir. 1992), *cert. denied*, 506 U.S. 1022 (1992). Upon determining that, under Florida law, a recorded judgment lien attaches to after-acquired property at acquisition, the Eleventh Circuit, relying on *Farrey*, found the *Owen* debtor did not have an interest in the liened property prior to the attaching of the lien, and the lien was not avoidable under § 522(f). *Id.*

MEMORANDUM OF DECISION - 14

415 B.R. at 431–35 (acknowledging the rule in *Farrey*, but finding it inapplicable based on the facts).

Creditor's recording of its judgment meant that any real property in Canyon County that Debtors thereafter acquired would be subject to a lien. *See Fulton v. Duro*, 687 P.2d 1367, 1374 (Idaho Ct. App. 1984) (citing *Platts v. Pac. First Fed. Sav. & Loan Ass'n*, 111 P.2d 1093 (Idaho 1941)) (explaining that the recording of a judgment lien pursuant to Idaho Code § 10-1110 "provides notice that any of the judgment debtor's real property is subject to execution"). Debtors purchased the Essex Way Property after Creditor's judgment was recorded, and, in Idaho, that meant Creditor's lien attached to the property simultaneously with the transfer of the property's title to Debtors. *See Nixon*, 289 F. at 179; *Towle*, 232 F. at 738. Because Debtors did not own an interest in the Essex Way Property prior to the fixing of Creditor's lien, Debtors may not avoid Creditor's lien

MEMORANDUM OF DECISION - 15

pursuant to § 522(f)(1)(A). *See Farrey*, 500 U.S. at 296; *In re Pederson*, 230 B.R. at 163–64.

## Conclusion

Under these facts, Debtors cannot show they had an interest in the Essex Way Property prior to the fixing of Creditor's lien. Debtors' motion to avoid Creditor's lien pursuant to § 522(f)(1)(A) must, therefore, be denied. A separate order will be entered.[8]

Dated: April 26, 2011

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[8] Because the Court decides that, even assuming Debtors' homestead exemption is valid, Creditor's judgment lien may not be avoided, the Court expresses no opinion regarding the validity of the declaration of homestead in this case.